```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

JAMES T. HOWELL and TREMAINE B. HOWELL,

                    Plaintiffs,
                                              15 Civ. 3705 (RWS)
    - against -
                                                   OPINION

DOUGLAS O. CAMPBELL, RITE-HITE
INTERNATIONAL, and GIGI L. HINTON,

                    Defendants.
-----------------------------------------X
```

3/23/16

A P P E A R A N C E S:

> ATTORNEY FOR PLAINTIFFS
>
> LAW OFFICE OF PETER C. GORDON, LLC
> 15 Chaucer Drive
> Annandale, NJ 08801
> By: Peter C. Gordon, Esq.
>
>
> ATTORNEYS FOR DEFENDANTS DOUGLAS O. CAMPBELL
> AND RITE-HITE INTERNATIONAL, INC.
>
> WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
> 1010 Washington Boulevard
> Stamford, CT 06901
> By:  Mary Jones, Esq.
>      Beata Shapiro, Esq.
>      Brian T. Del Gatto, Esq.
>
> ATTORNEYS FOR DEFENDANT GIGI L. HINTON
>
> VOUTE, LOHRFINK, MAGRO & McANDREW, LLP
> 170 Hamilton Avenue
> New York, NY 10601
> By:  Joseph B. Failla, Esq.
>      Edward G. Warren, Esq.

1

**Sweet, D.J.**

Defendants Douglas O. Campbell ("Campbell") and Rite-Hite International, Inc. ("Rite Hite") move to dismiss Plaintiffs James Howell and Tremaine Howell's (collectively, the "Howells" or "Plaintiffs") Complaint, removed to this Court from the Supreme Court of the State of New York, Bronx County on May 13, 2015, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), due to insufficient process pursuant to Rule 12(b)(4), and due to insufficient service pursuant to Rule 12(b)(5). Defendant Gigi Hinton ("Hinton") cross-moves for the same relief. Plaintiffs move for an extension of time to serve the summons and complaint. Based upon the conclusions set forth below, Plaintiff's motion for an extension of time is granted, and Defendants' motions to dismiss are denied.

**I.   Prior Proceedings**

Plaintiffs filed a Complaint in the Supreme Court of the State of New York, County of Bronx on December 17, 2014. On May 13, 2015, Defendants Campbell and Rite-Hite removed the case to this Court on the basis of complete diversity and a believed

2

amount on controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332. Plaintiffs allege a single count of negligence stemming from a December 18, 2011 car accident on the exit ramp of the Major Deegan Expressway to the Cross Bronx Expressway.

The initial summons filed December 17, 2014 (the "Dec. 17 Summons") in Bronx County listed plaintiffs as Danielle Kenny and Kevin Kenny. Fialla Decl. in Supp. Mot. to Dismiss, Ex. A. The December 17 Summons is captioned "Supreme Court of the State of New York County of New York," and does not identify Bronx County. Id. The summons served on Defendants is undated (the "Undated Summons"), names the Howells as plaintiffs, and is captioned for the County of New York. Id., Ex. B. The Undated Summons was not filed with the Bronx County Clerk. The Complaint, filed December 17, 2014, correctly captioned plaintiffs as the Howells, and identified venue as Bronx County. Id., Ex. C ("Complaint"). On December 18, 2014, the statute of limitations on Plaintiffs claim was set to expire absent tolling. N.Y. C.P.L.R. 214 (McKinney). The period to serve the summons and complaint expired April 15, 2015. N.Y. C.P.L.R. 306-b (McKinney). Defendant Campbell received a copy of the Undated Summons and Complaint on April 13, 2015. Defs.' Campbell and Rite Hite's Mem. in Supp. Mot. to Dismiss at 2 ("Campbell MTD"). Defendant Rite Hite received a copy of the Undated Summons and

Complaint on May 4, 2015, 19 days after expiration of the 120 day period. Id. Defendant Hinton was served with the Undated Summons and Complaint on May 14, 2015, 29 days after expiration of the 120 day Period. Hinton Mem. in Supp. Mot. to Dismiss at 1-2 ("Hinton MTD").

Defendant Hinton filed her instant motion to dismiss for lack of jurisdiction on June 3, 2015 on the basis of the defective summons and service. Defendants Campbell and Rite-Hite filed their cross-motion to dismiss for lack of jurisdiction on June 23, 2015, also on the basis of the defective summons and service. Plaintiffs filed their motion for extension of time to serve the summons and complaint on January 6, 2016. Oral argument was held and the motions deemed fully submitted on January 21, 2016.

## II. Applicable Standard

Rule 12(b)(2) requires that a court dismiss a claim if the court does not have personal jurisdiction over the defendant. See Fed.R.Civ.P. 12(b)(2). "To establish personal jurisdiction, [a plaintiff] must show that [the defendant] has minimum contacts with the forum state and was properly served." Salmassi

4

e. Kfr. v. Euro-America Container Line Ltd., 08 Civ. 4892, 2010 WL 2194827, at *4 (S.D.N.Y. June 1, 2010) (citations omitted).

Objections to sufficiency of process under Fed.R.Civ.P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation. Hilaturas Miel, S.L. v. Republic of Iraq, 573 F.Supp.2d 781, 796 (S.D.N.Y. 2008) (citing Fagan v. Deutsche Bundesbank, 438 F.Supp.2d 376, 386 (S.D.N.Y. 2006)). "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Charles A. Wright & Arthur M. Miller, 5B Federal Practice & Procedure § 1353 (3d ed.2011).

Pursuant to Rule 12(b)(5), "a complaint may be dismissed for insufficient service of process." Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F.Supp.2d 585, 589 (S.D.N.Y.2006) (citations omitted); see also Hawthorne v. Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("Without proper service a court has no personal jurisdiction over a defendant."). New York law provides that service of the summons and complaint shall be made within 120 days of commencement of an action. N.Y. C.P.L.R. 306-b (McKinney). Where service is not effected in this period, the Court may, upon

5

motion, either dismiss the action without prejudice as to the ineffectively served Defendant, or extend the time for service "upon good cause shown or in the interests of justice."[1]

**III. Plaintiffs' Motion to Extend the Time to Serve the Summons and Complaint is Granted and Defendants' Motions to Dismiss are Accordingly Denied**

Defendants move to dismiss the complaint on the grounds of the errors in the filed summons, the lack of date on the served summons, and formatively defective or untimely service. See Hinton MTD; Campbell MTD. Specifically, Defendants argue as follows: (1) the filed December 17 summons is defective for failing to name Plaintiffs or proper venue, and thus the Statute of Limitations was not tolled by the December 17, 2015 filing, and accordingly expired the following day pursuant to New York Civil Practice Law and Rules Section 214. Hinton MTD at 4; Campbell MTD as 3-5. (2) The summonses served on Defendants were

---

[1] This action having been commenced in New York State Supreme Court and not removed until May 13, 2015, New York law applied at the time of service. However, the New York standard was revised to include the flexibility of Federal Rule of Civil Procedure 4(m), which similarly permits the Court to extend the time for service for good cause shown. Leader v. Maroney, Ponzini & Spencer, 97 N.Y.2d 95, 105, 761 N.E.2d 1018 (2001); Fed. R. Civ. P. 4(m).

6

not the summons filed and also contained errors, and therefore service was insufficient to obtain personal jurisdiction over Defendants. Hinton MTD at 5; Campbell MTD at 5-6. (3) No personal jurisdiction was obtained over Hinton and Rite-Hite because the summons and complaint, even if sufficient, were served outside of the 120 period permitted. Hinton MTD at 5-6; Campbell MTD at 6. In addition, Campbell argues that service was insufficient to obtain personal jurisdiction over him because Plaintiffs failed to serve him pursuant to the requirements of the Hague Convention. Campbell MTD at 6-10. Plaintiff requests an extension of time to serve the summons and complaint, thus potentially curing all defects upon which Defendants move to dismiss. See Pls.' Mem. of Law in Supp. Mot. to Extend ("Pls.' Mot.").

A jurisdictionally defective summons will not toll the statute of limitations on a claim for the service period. Lebowitz v. Fieldston Travel Bureau, Inc., 181 A.D.2d 481, 581 N.Y.S.2d 302 (1992). Similarly to the case at bar, Lebowitz involved a personal injury action and an error-riddled summons filed one day before expiration of the statute of limitations on a personal injury claim. Id. at 481. The First Department found the summons jurisdictionally defective for listing an address other than the one where the incident occurred, failing to

7

specify the date the alleged injury occurred, and failing to indicate "in any other manner that the defendant was the intended party." Id. at 482.

This case is not analogous to Lebowitz. The Lebowitz court was rightly concerned with the fact that the filed summons was so lacking that it failed to coherently identify a particular claim against the particular defendant involved. Unlike the summons in Lebowitz, the December 17, 2015 summons correctly identified the Defendants involved. It stated "the basis of venue is the site of accident" and was served with the complaint, thus making clear the correct location, date, and circumstances of the incident. While the incorrectly listed venue and Plaintiffs on the December 17 are notable inconsistencies, they did not create such confusion that the defendants served could not make out the claim against them, as in Lebowitz. Accordingly, the December 17 summons was not jurisdictionally defective and thus did serve to toll the statute of limitations on Plaintiffs' claim.

Where there is not a complete failure to file within the statute of limitations, New York law permits the Court to excuse a mistake in the method of filing where justice so requires, or where no party is prejudiced. See N.Y. C.P.L.R. 2101 (McKinney)

8

("A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given."); Grskovic v. Holmes, 111 A.D.3d 234, 242, 972 N.Y.S.2d 650 (2013). Defendants have not been prejudiced by the erroneous venue or Plaintiff listings in the December 17 summons, or by the fact that the Undated Summonses were not dated.

With respect to personal jurisdiction, Defendants submit that the inadequate timing (with respect to Hinton and Rite-Hite) and defective format (with respect to Campbell) of service defeat personal jurisdiction. See Hinton MTD; Campbell MTD. Defendants do not challenge that personal jurisdiction would exist in the absence of the summons related errors. No prejudice has been identified by any defendant, whether by the marginally late service, or by Plaintiffs' alleged failure to abide by the Hague Convention.[2] See Hinton MTD at 5; Campbell MTD at 6-10. Plaintiffs submit four efforts were made to serve Hinton within the statutorily defined time period at the address listed on the

---

[2] Campbell's Hague Convention argument submits that Plaintiffs were required to forward duplicate copies of the summons and complaint and a properly formatted request for service to the Central Authority of Foreign Affairs and International Trade Canada, Criminal Security and Diplomatic Law Division, 125 Sussex Drive, Ottawa, Ontario, K1A 0G2 Canada, or the Ministry of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario, P0J 1K0, Canada. Campbell MTD at 9.

incident police report. Pls.' Mot. at 2-3. Campbell was served at the address identified in the police report, and Rite-Hite served consistent with the advice of their general counsel. Id. at 3.

Where there is no indication of prejudice and the defendant is on notice of the claim against her, an extension of time to serve the summons and complaint should be granted. Dhuler v. ELRAC, Inc., 118 A.D.3d 937, 939, 988 N.Y.S.2d 680, 682 (2014). Even where no good cause is shown, a Court may grant an extension of the time to serve in the interests of justice. State v. Sella, 185 Misc. 2d 549, 554, 713 N.Y.S.2d 262, 266 (Sup. Ct. 2000). Under both New York law and the Federal Rules, the Court must consider:

> 1) whether the applicable statute of limitations would bar the refiled action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant had attempted to conceal the defect in service; and 4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Id.

The applicable statute of limitations would bar Plaintiffs' claim if refiled. See N.Y. C.P.L.R. 214 (McKinney). All Defendants had actual notice of the claims asserted in the complaint as all were involved in the accident, all were in receipt of the complaint, and none contend that the errors in the summons interfered with actual notice. These two factors weigh heavily in favor of granting Plaintiffs' motion. See e.g., Busler v. Corbett, 259 A.D.2d 13, 17, 696 N.Y.S.2d 615, 618 (1999). It has not been established that any defendant attempted to conceal the defect in service. However, as reasoned above, no prejudice has been alleged to result from the errors in the summons, and the sole result of granting Plaintiffs' motion would be to require Defendants to defend their cases on the merits. "In the absence of prejudice to defendants, it would be unjust to deprive plaintiff of the opportunity to prove her claims against both defendants." Id.

Accordingly, Plaintiffs' motion to extend the time to serve the summons and complaint is granted in the interests of justice for a period of 60 days from the filing of this Opinion. The errors in the summons are excused, and personal jurisdiction over each Defendant is established by the extension of time to serve.

11

## IV. Conclusion

Based on the conclusions set forth above, Plaintiffs' motion is granted and the time to serve the summons and complaint upon each Defendant is extended 60 days from the date of the filing of this Opinion. Defendants' cross-motions to dismiss are denied.

It is so ordered.

New York, NY
March 2 3, 2016

_____
ROBERT W. SWEET
U.S.D.J.